**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORAD0
Judge Christine M. Arguello**

Civil Action No. 13-cv-02865-CMA

ADOLPHO GOMEZ-HERMOSILLO,

    Applicant,

v.

ERICK HOLDER, JR.,

    Respondent.

**ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 4), filed by Applicant Adolpho Gomez-Hermosillo.  The Government filed a Response (Doc. # 13) and Applicant filed a Reply (Doc. # 17).  Having considered the same, the Court FINDS as follows:

**I. BACKGROUND**

Mr. Gomez-Hermosillo was born in Mexico.  (Doc. # 4 at 2).   At some point, he entered the United States and was removed in 1999.  (Doc. # 13-1 at 2).  In October 12, 2012, Applicant was arrested by local police officials for driving under the influence.  (*Id.*)  He was convicted of that offense in the County Court of Adams County, Colorado, on October 22, 2012.  (*Id.* at 4).  On November 7, 2012, Mr. Gomez-Hermosillo was turned over to the custody of the United States Marshals Service for prosecution of criminal re-entry charges.  (*Id.*).  On February 21, 2013, Applicant was convicted in

the United States District Court for the District of Colorado of illegal re-entry after deportation, and was sentenced to six months in prison.  (*Id.* at 4-5; *see also* Doc. # 13-2.)

On April 19, 2013, Applicant was released from federal custody, returned to ICE custody, and placed in removal proceedings.[1]  (Doc. # 13-1 at 5.)  A final order of removal was entered pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) (present without being admitted or paroled) and § 1182(a)(9)(C)(i)(II) (unlawful reentry after removal).  (Doc. # 13-4, ¶ 3; # 13-3.)  The Board of Immigration Appeals (BIA) dismissed Applicant's appeal on October 21, 2013.  (*Id.*)

Mr. Gomez-Hermosillo filed a motion for stay of removal, which was denied by ICE on October 25, 2013.  (Doc. # 17 at 13).  On November 26, 2013, the BIA denied Applicant's motion to stay or re-open the removal proceeding.  (Doc. # 19-1.)

Respondents represent that ICE is prepared to remove Applicant once this Court vacates the order requiring Applicant to remain in custody.  (Doc. # 13-4.)

Mr. Gomez-Hermosillo initiated this action on October 21, 2013.  He contends in the Amended § 2241 Application that he is not subject to mandatory detention under Immigration and Nationality Act (INA) § 236, 8 U.S.C. § 1226(c).  He further claims that

---

[1] The Court notes that the terms deportation and removal are synonymous. *See Hamilton v. Gonzales*, 485 F.3d 564, 566 n.1 (10th Cir. 2007). They are synonymous because Congress amended the relevant statutes in 1996 with the Illegal Immigration Reform and Immigrant Responsibility Act by replacing the term "order of deportation" with the term "order of removal" in most, but not all, of the United States Code. *Id.* (citations omitted).

his detention without an individualized bond hearing violated his due process rights under the Fifth Amendment of the United States Constitution.

## I. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

An application for habeas corpus pursuant to 28 U.S.C. § 2241 may only be granted if the Applicant "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal. *Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Mr. Gomez-Hermosillo is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that an applicant can prove facts that have not been alleged, or that a respondent has violated laws in ways that an applicant has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). The Applicant's *pro se* status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**B.    DETENTION UNDER 8 U.S.C. § 1226**

Mr. Gomez-Hermosillo challenges the Attorney General's authority to detain him under 8 U.S.C. § 1226(c) and the constitutionality of his detention under that statute. For the reasons discussed below, the Court finds that the claims are moot.

Under Article III of the Constitution, federal courts may only adjudicate live controversies.  *Alvarez v. Smith*, 558 U.S. 87, 130 S.Ct. 576, 580 (2009).  An "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  *Id.* (internal quotation marks and citations omitted).  A case becomes moot if an event occurs during the pendency of the action that "makes it impossible for the court to grant any effectual relief whatever to a prevailing party."  *Church of Scientology v. United States,* 506 U.S. 9, 12 (1992).  *See also Green v. Haskell County Bd. of Comm'rs*, 568 F.3d 784, 794 (10th Cir. 2009) ("If, during the pendency of the case, circumstances change such that [a party's] legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required.") (internal quotation marks and citation omitted).  A federal court may raise the issue of mootness *sua sponte*.  *See McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir.1996).

Under certain circumstances not relevant here, 8 U.S.C. § 1226 dictates that the Attorney General may arrest and detain a noncitizen[2] pending a decision on whether the

---

[2]   The Supreme Court has used the term "noncitizen" to refer to immigrants such as Mr. Gomez-Hermosillo.  *See Moncrieffe v. Holder*, 133 S. Ct. 1678, 1678 (2013) (analyzing the immigration consequences for "noncitizens" convicted of crimes).  Here, this Court adheres to the convention used by the Supreme Court, unless quoting from an authority that uses a different term.

noncitizen is to be removed from the United States ("the pre-removal period").[3] After entry of a final removal order and during the 90-day removal period,[4] the Attorney General's authority to detain a noncitizen arises under 8 U.S.C. § 1231(a)(2). *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001); *see also Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1123 (10th Cir. 2005). The removal period for Mr. Gomez-Hermosillo commenced on October 21, 2013, when the order of removal became administratively final.[5] *See* 8 U.S.C. § 1231(a)(1)(B)(i). On that date, the Attorney General's authority to detain Applicant shifted to 8 U.S.C. § 1231(a)(2), thereby rendering moot Applicant's claim challenging his detention under 8 U.S.C. § 1226. *See, e.g., De la Teja v. United States*, 321 F.3d 1357, 1364 (11th Cir. 2003) (noncitizen's habeas petition challenging detention under 8 U.S.C. § 1226 is moot when removal period starts and detention authority shifts to 8 U.S.C. § 1231); *Ufele v. Holder*, No. 11-1648, 473 F. App'x 144, 146 (3rd Cir. March 30, 2012) (unpublished) (stating that when BIA's order became administratively final, petitioner's detention switched from § 1226 to § 1231, thereby

---

[3] During the pre-removal period, detention without release on bond is mandatory for certain classes of criminal noncitizens. *See* 8 U.S.C. § 1226(c) (1) and (2). It is unclear from the existing record whether Mr. Gomez-Hermosillo was subject to mandatory detention under § 1226(c). However, the court need not resolve that issue because, as discussed in the text above, Applicant's challenge to his detention during the pre-removal period is moot.

[4] *See* 8 U.S.C. § 1231(a)(1) (stating that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").

[5] An order of removal becomes administratively final upon "a determination by the Board of Immigration Appeals affirming such order." 8 U.S.C. § 1101(a)(47)(B). The filing of a motion to reopen does not stay the execution of a final order of removal. 8 C.F.R. § 1003.2(f).

rendering moot his claim challenging the lawfulness of his detention under § 1226); *Oyelude v. Chertoff*, No. 05-10916, 2006 WL 678670, at *1 (5th Cir. Mar. 16, 2006) (unpublished) ("Oyelude's challenge to his § 1226 detention was mooted on June 23, 2004 when his final removal order was entered and the Attorney General's authority to detain him shifted to § 1231 . . . ."). At this time, there is no remedy the Court could issue concerning the legality of Mr. Gomez-Hermosillo's detention during the pre-removal period. *See Spencer v. Kemna*, 523 U.S. 1, 18 (1998) ("But mootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so. We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong.").

Accordingly, Mr. Gomez-Hermosillo's claim in the Amended Application challenging the legality of his detention during the pre-removal period will be dismissed as moot.

## C.    DETENTION UNDER 8 U.S.C. § 1231(a)(2)

Applicant also challenges his detention under 8 U.S.C. § 1231(a)(2) as unauthorized by statute and a violation of his Fifth Amendment due process rights. (*See* Doc. # 17.)

Section 1231(a)(2) directs that the Attorney General "shall detain the alien" during the removal period. 8 U.S.C. § 1231(a)(2); *see also De la Teja*, 321 F.3d at 1363 ("The Attorney General unquestionably has the authority to detain [such noncitizens],

and indeed is statutorily required to do so."). Accordingly, Applicant's current detention under § 1231(a)(2) is authorized by that statute.

The potential constitutional concerns of a noncitizen's indefinite detention under § 1231(a) were addressed by the United States Supreme Court in *Zadvydas.* In that case, the noncitizens had been ordered removed and were being detained beyond the 90–day removal period pursuant to the Attorney General's authority under § 1231(a)(6). *Zadvydas*, 533 U.S. at 684–86. However, the government could not secure their removal because the designated countries either refused to accept them or did not maintain repatriation agreements with the United States. *Id*. Recognizing that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," *id*. at 690, the Court ruled that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized," *id*. at 699. The Court further held that detention lasting six months or less is presumptively reasonable; detention lasting beyond six months requires the government to rebut the noncitizen's showing that there is no significant likelihood of removal in the reasonably foreseeable future. *Id*. at 701. However, detention beyond six months does not, by itself, mean that the noncitizen must be released. *Id.*

Under *Zadvydas*, Mr. Gomez-Hermosillo's detention of less than three months following entry of his final order of removal on October 21, 2013, is presumptively reasonable and does not trigger constitutional concerns. *See, e.g., Novitskiy v. Holm*, 2013 WL 229577, at * 6 (D. Colo. Jan. 22, 2013) (unpublished) (citing *Chance v.*

*Napolitano*, No. 11–50200, 453 F. App'x 535, 536 (5th Cir. Dec. 15, 2011) (unpublished) (holding that district court did not err in finding that petitioner's challenge to his continued post removal detention was premature where petitioner had not been in post-removal-order-detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*); *see also Akinwale v. Ashcroft*, 287 F.3d 1050, 1051-52 (11th Cir. 2002)). Accordingly, the Court finds that Applicant's claim challenging the constitutionality of his current detention is premature. If necessary, Mr. Gomez-Hermosillo may file a new § 2241 Application after expiration of the six month period.

IT IS THEREFORE ORDERED that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 4), filed by Applicant Adolpho Gomez-Hermosillo, is DENIED and this action is DISMISSED WITHOUT PREJUDICE. It is

FURTHER ORDERED that the October 31, 2013 Order (Doc. # 5) requiring Applicant to remain in custody until further court order is WITHDRAWN. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. It is

FURTHER ORDERED that all pending motions are DENIED as moot.

DATED at Denver, Colorado, this __19th__ day of December, 2013.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge